# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. SHORTT, | 1:08-cv-00056 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| NEIL ADLER, Warden, | [Doc. 1] |
| Respondent. / | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on January 14, 2008. Petitioner states that on November 16, 2005, he was indicted pursuant to 21 U.S.C. §§ 846, 841(a)(1)(b)(1), 333(e)(1) in the United States District Court of South Carolina, Columbia Division. (Petition, at 4.) On July 25, 2006, Petitioner was sentenced to 12 months and 1 day imprisonment. (Id.)

In the instant petition, Petitioner contends that he is currently in custody pursuant to an Act of Congress which did not comply with the minimum mandatory requirement of Article 3 of the United States Constitution. Specifically, he contends that "[t]he clause 'to exercise exclusive legislation in all cases whatsoever', this clause conferring upon the Congress the power to establish courts within the District of Columbia and to define the extent of their jurisdiction does not authorized [sic] congressional enlargement of the jurisdiction of District Courts of the United

1  States outside the District of Columbia <u>beyond</u> that conferred by <u>Article 3, § 2</u>." (Petition, at 5)

2  (emphasis in original).  Petitioner further contends he "is an American Citizen and the power of

3  Congress under the clause to exercise exclusive legislation in all cases whatsoever over the

4  District of Columbia does not permit Congress to provide for diversity jurisdiction between a

5  citizen of a state." (Petition, at 5.)

6  Title 28, of the United States Code, section 2241(c) states:

7  (c) The writ of habeas corpus shall not extend to a prisoner unless- -
   (1) He is in custody under or by color of the authority of the United
8  States or is committed for trial before some court thereof; or
   (2) He is in custody for an act done or omitted in pursuance of an
9  Act of Congress, or an order, process, judgment or decree of a
   court or judge of the United States; or
10  (3) He is in custody in violation of the Constitution or laws or
   treaties of the United States; or
11  (4) He, being a citizen of a foreign state and domiciled therein is in
   custody for an act done or omitted under any alleged right, title,
12  authority, privilege, protection, or exemption claimed under the
   commission, order or sanction of any foreign state, or under color
13  thereof, the validity and effect of which depend upon the law of
   nations; or
14  (5) It is necessary to bring him into court to testify or for trial.

15  28 U.S.C. § 2241(c).

16  Article III, Section 1 of the United States Constitution states, in relevant part, "The

17  judicial Power of the United States, shall be vested in one supreme court, and in such inferior

18  Courts as the Congress may from time to time ordain and establish."  Title 28, of the United

19  States Code, Section 132, lists the District Courts defined by Congress.  28 U.S.C. § 132

20  (Creation and composition of district courts).  Title 28, of the United States Code, Section 121,

21  identifies that South Carolina constitutes one judicial district comprising of eleven divisions,

22  including the Columbia Division:

23  (1) The Charleston Division comprises of Berkeley, Charleston,
   Clarendon, Colleton, Dorchester, and Georgetown.
24  Court for the Charleston Division shall be held at Charleston.
   (2) The Columbia Division comprises the counties of Kershaw, Lee,
25  Lexington, Richland, and Sumter.

26

27  Petitioner's claim that the United States District Court for the District of South Carolina,

28  Columbia Division was without jurisdiction over him, as an American citizen facing criminal

charges, is simply unfounded.  Accordingly, Petitioner's claim must be dismissed for failure to state a cognizable claim.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED for failure to state a cognizable claim; and

2. The Clerk of Court be directed to enter judgment.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 22, 2008**           /s/ Sandra M. Snyder
                              UNITED STATES MAGISTRATE JUDGE